Case 4:22-cv-00886 Document 89 Filed on 02/07/25 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00886 |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation (Doc. #78), Defendant Blue Cross Blue Shield of Texas' ("Defendant") Objections (Doc. #86), and Plaintiff Rachel W.'s ("Plaintiff") Response (Doc. #88). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

This is an Employee Retirement Income Security Act ("ERISA") case wherein Plaintiff alleges that her insurer, the Defendant, wrongfully denied coverage for in-patient mental health treatment. Doc. #1. Plaintiff filed a Motion for Judgment on the ERISA Record pursuant to Federal Rule of Civil Procedure 52, whereas Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Doc. Nos. 64, 73. Judge Ho determined that Defendant's Motion for Summary Judgment should be denied because (1) the correct standard by which to resolve this case is Rule 52 rather than Rule 56 and (2) issues of fact exist which preclude

summary judgment. Doc. #78 at 6. Judge Ho deferred ruling on Plaintiff's Motion for Judgment on the ERISA Record until a hearing could be held on the matter. Defendant objects to Judge Ho's Memorandum and Recommendation for two reasons: (1) Judge Ho should not have analyzed whether issues of fact exist in this case, and instead should have decided this case based on the administrative record, and (2) regardless, the Memorandum and Recommendation erroneously concludes that issues of fact exist. *See* Doc. #86.

Both of Defendant's objections are without merit. First, Judge Ho correctly determined that Rule 52 is the proper procedural avenue to resolve ERISA benefit disputes such as the one presented in this case. *See Hodge v. Guardian Life Ins. Co. of Am.*, No. 4:20-CV-2088, 2021 WL 5142793, at *1 (S.D. Tex. Sept. 10, 2021), *report and recommendation adopted*, No. 4:20-CV-2088, 2021 WL 5143886 (S.D. Tex. Nov. 3, 2021) (in deciding a similar ERISA benefit dispute, determining that the "appropriate way to resolve [the] dispute is by making findings of fact and conclusions of law consistent with Rule 52 based on the administrative record and briefing"); *Bunner v. Dearborn Nat'l Life Ins. Co.*, No. CV H-18-1820, 2021 WL 2119488, at *13 (S.D. Tex. May 25, 2021), *aff'd*, 37 F.4th 267 (5th Cir. 2022) ("The court's ruling on a motion for judgment based on the administrative record is equivalent to a bench trial on the record with the court acting as the finder of fact."). And, given that Defendant sought *summary judgment* pursuant to Rule 56, Judge Ho also correctly evaluated whether there exists a "genuine dispute as to any material fact." *See* FED. R. CIV. P. 56(a).

Second, Judge Ho correctly determined that factual disputes exist within the administrative record that preclude summary judgment. For instance, the record contains conflicting evidence regarding whether Plaintiff suffered recurrent and persistent thoughts of suicide. *Compare* Doc. #54, Ex. 8 at 122, 153 (noting Plaintiff's positive mental health progress) *with* Doc. #54, Ex. 7 at

2

231 (noting Plaintiff's "testing was consistent with significant suicidal ideation and a preoccupation with death"). As such, Judge Ho correctly determined summary judgment was not appropriate because "the administrative record includes genuine issues of material fact." *See Koch v. Metro. Life Ins. Co.*, 425 F. Supp. 3d 741, 745 (N.D. Tex. 2019) (denying an insurer's summary-judgment motion and instead conducting "an independent review of the administrative record" under Rule 52 to resolve the ERISA dispute).

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #78) as its Order. Accordingly, the Motion for Summary Judgment (Doc. Nos. 68, 73) is hereby DENIED.

It is so ORDERED.

FEB 0 7 2025
Date

The Honorable Alfred H. Bennett
United States District Judge